**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| KIM FRAMPTON <br><br> Plaintiff(s) <br><br> v. <br><br> NOVO NORDISK A/S, NOVO NORDISK INC., AND ELI LILLY AND COMPANY <br> Defendant(s). | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: 2:26-cv-01730 |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

## IDENTIFICATION OF PARTIES

### Plaintiff(s)

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Kim Frampton                                                                                     .

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A                                                                                     ,

as                                              of the estate of                                         , deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A                                                                                     .

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A                                                                                     .

### Defendant(s)

5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        x    Novo Nordisk Inc.

        x    Novo Nordisk A/S

        x    Eli Lilly and Company

        _____ Lilly USA, LLC

        _____ other(s) (identify): _____

## <u>JURISDICTION AND VENUE</u>

6.    City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Ball Ground, Georgia

7.    State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Georgia

8.    State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Georgia

9.    City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Ball Ground, Georgia

10.    Jurisdiction is based on:

__X__    diversity of citizenship pursuant to 28 U.S.C. § 1332

_____    other (plead in sufficient detail as required by applicable rules):

_____

_____

11.    The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Northern District Court of Georgia

12.    Venue is proper in the District Court identified in Paragraph 11 because:

__X__    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A

_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

X_____    Ozempic (semaglutide)

_____    Wegovy (semaglutide)

_____    Rybelsus (oral semaglutide)

_____    Victoza (liraglutide)

_____    Saxenda (liraglutide)

_____    Trulicity (dulaglutide)

X_____    Mounjaro (tirzepatide)

_____    Zepbound (tirzepatide)

_____    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic: 03/2022-12/2023
_____

Mounjaro: 01/2024-02/2024
_____

_____

_____

5

## **INJURIES AND DAMAGES**

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____   Gastroparesis

**X**_____   Other gastro-intestinal injuries (specify) _____Nausea, abdominal pain, diarrhea, vomiting_____

_____   Ileus

_____   Ischemic Bowel/Ischemic Colitis

_____   Intestinal Obstruction

_____   Necrotizing Pancreatitis

**X**_____   Gallbladder Injury (specify) _____Cholecystectomy_____

_____   Micronutrient Deficiency

_____   Wernicke's encephalopathy

_____   Aspiration

_____   Death

_____   Additional/Other(s) (specify): _____

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Other gastro-intestinal injuries: 03/2024

Gallbladder Injury: 07/2024

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

**X**____ Injury to self

____ Injury to person represented

**X**____ Economic loss

____ Wrongful death

____ Survivorship

____ Loss of services

____ Loss of consortium

____ other(s) (specify): _____

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X____ Count I:    Failure to Warn – Negligence

X____ Count II:    Failure to Warn – Strict Liability

X____ Count III:    Breach of Express Warranty/Failure to Conform to Representations

X____ Count IV:    Breach of Implied Warranty

X____ Count V:    Fraudulent Concealment/Fraud by Omission

X____ Count VI:    Fraudulent/Intentional Misrepresentation

X____ Count VII:    Negligent Misrepresentation/Marketing

X____ Count VIII: Strict Product Liability Misrepresentation/Marketing

X____ Count IX:    Innocent Misrepresentation/Marketing

X____ Count X:    Unfair Trade Practices/Consumer Protection (see below)

X____ Count XI:    Negligence

X____ Count XII:  Negligent Undertaking

_____ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV:  Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

8

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s)

       is/are bringing such claims:

       Ga. Code Ann. §§ 10-1-372(a) (2), (5), (7), (9), (12); § 10-1-373;
_____

       Ga. Code Ann. §§ 10-1-393(5), (7), (9); § 10-1-399
_____


_____

    b.   Identify the factual allegations supporting those claims (by subsection, if

       applicable):

       Plaintiff incorporates Exhibit 1.  Defendants misled consumers and Plaintiff's doctor
_____

       regarding the safety and risks associated with the use of their GLP-1 RA Products
_____

       by overstating benefits and downplaying risks from using the products.
_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       N/A

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

       N/A

    c. Identify the factual allegations supporting those claims:

       N/A

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? N/A _____. If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 3/17/2026 _____

By:

Sara Schramm, Esq. (GA Bar No. 141793)

HAMMERS LAW FIRM

5555 Glenridge Connector, Suite 975

Atlanta, GA 30342

sara@hammerslawfirm.com

Tel: (770) 900-9000

Name(s), Bar Number(s), Law Firm(s), Mailing Address(es), Email Address(es), and Phone Number(s) of Attorney(s) representing Plaintiff(s).